**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **TASHEENA JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No.:** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **LIBERTY & ASSOCIATES INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff Tasheena Jones brings this case against Defendant Liberty & Associates Inc. seeking unpaid overtime wages and other available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiff has asserted a federal claim pursuant to the FLSA.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## PARTIES

*Plaintiff*

3.      Plaintiff Tasheena Jones is an adult resident of Athens, Georgia. Ms. Jones worked for Defendant as a home caregiver.  Plaintiff was not paid overtime compensation for

hours she worked in excess of 40 in a workweek even though she regularly worked more than 40 hours in a workweek.

4.      At all relevant times, as employee of Defendant, Plaintiff was engaged in commerce or in the production of goods for commerce as described in 29 U.S.C. §§ 206 and 207.

*Defendant*

5.      Defendant is a home healthcare services company which operates in Georgia.

6.      At all relevant times, Defendant was an "enterprise engaged in commerce or the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s).

7.      At all relevant times, Defendant has employed two or more persons, including Plaintiff, "engaged in commerce or in the production of goods for commerce," as defined in § 203(s)(1)(A)(i).

8.      At all relevant times, Defendant achieved annual gross sales made or business done of not less than $500,000.00 in accordance with § 203(s)(1)(A)(ii).

9.      Defendant issued paychecks to Plaintiff during her employment.

10.     Defendant directed the work of Plaintiff and benefited from work performed that Defendant suffered or permitted from her.

11.     Defendant did not pay Plaintiff overtime compensation for hours she worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

12.     From approximately April 2015 through May 2017, Plaintiff worked for Defendant as a home caregiver.  Plaintiff's primary duties included assisting patients with daily living activities.

13.     At all relevant times, Defendant paid Plaintiff on an hourly basis.  Her hourly pay rate was $11.00 per hour.

14.     Defendant tracked Plaintiff's hours worked by requiring her to complete and submit timesheets to Defendant.

15.     During the relevant time period, Plaintiff regularly worked more than 40, and often in excess of 50, hours per week.  She did not receive overtime compensation for hours worked over 40 in a workweek.

16.     Through its unlawful actions, Defendant has deprived Plaintiff of overtime wages owed to her.

17.     Defendant acted willfully in failing to pay compensation, including overtime premium compensation, to Plaintiff for hours worked over 40 in a workweek.  Defendant knew or should have known that Plaintiff should have been paid overtime compensation, for all hours worked over 40 in a workweek.

## COUNT I - FAIR LABOR STANDARDS ACT

18.     Plaintiff re-alleges and incorporates by reference the preceding paragraphs as if alleged fully herein.

20.     As set forth above, Defendant's failure to pay Plaintiff overtime compensation at a rate of one and one-half times her regular rate of pay owed to her during the three-year period preceding the filing of this Complaint violates the Fair Labor Standards Act, 29 U.S.C. § 207.

21.     Defendant's failure to pay Plaintiff in accordance with the requirements of Section 207 of the FLSA was in willful disregard of the overtime wage compensation requirements of the FLSA.

## JURY DEMAND

22.      Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.  An award of  all damages for unpaid wages and compensation due to Plaintiff

under the FLSA;

B.  An award of liquidated damages pursuant to 29 U.S.C. § 216(b);

C.  A finding that Defendant's violations of the FLSA have been willful and that,

therefore, the statute of limitations for the FLSA claim is three years;

D.  Attorneys' fees and costs;

E.  Pre- and post-interest; and

F.  Any other relief to which Plaintiff may be entitled.


Dated: July 10, 2018                                    Respectfully submitted,

                                                        */s/ Sergei Lemberg*
                                                        Sergei Lemberg, Esq.
                                                        LEMBERG LAW, L.L.C.
                                                        43 Danbury Road, 3rd Floor
                                                        Wilton, CT 06897
                                                        Telephone: (203) 653-2250
                                                        Facsimile: (203) 653-3424
                                                        slemberg@lemberglaw.com

                                                        *Attorney for Plaintiff*